## CIRCUIT COURT OF THE CITY OF HOPEWELL

C. Wilson Rives
and Grace M. Rives

v.

Utica National
Insurance Group

April 30, 1986

Case No. (Law) 86-3

By JUDGE W. PARK LEMMOND, JR.

The Court has reached a decision in the above matter and the three companion cases, the last of the four having been consolidated on April 14, 1986.

All the facts and the amount of damages, in the event of a judgement for the Plaintiff, were stipulated in all cases.

In all cases the operative language in the respective policies was the same. Three of the four subject insurance companies had each amended their homeowners policies in Section C (Coverage Personal Property), Property Not Covered.

The net effect of this amendment, however, was not relevant to the decision in this matter since it merely included motorized bicycles, specifically, in Paragraph 3 relating to motorized land vehicles. It is quite likely that the Hartford policy was likewise amended; however, the Court did not find the amendment in the file.

Plaintiffs place considerable reliance upon the definition of "motor vehicle" as found in the Definitions Section of the respective policies, specifically Paragraph 5.c, which reads as follows:

> Motor vehicle means . . . a motorized golf cart, snowmobile, or other motorized land vehicle owned by any insured and designed for recreational use off public roads, while off an insured location. A motorized golf cart while used for golfing purposes is not a motor vehicle . . . .

Words specifically defined in the Definitions Section of the policies are printed in boldface type wherever they appear in the policy. The policy does not contain a definition of "motorized land vehicle." However, the phrase "or *other* motorized land vehicle . . ." (emphasis added) clearly refers back in that sentence, by grammatical structure, to a motorized golf cart and snowmobile. Hence, a motorized golf cart and a snowmobile are motorized land vehicles as set out in this Definitions Section of the policies. (Paragraph 5.c)

In any event, the Court finds that a policy definition of "motor vehicle" is not germane to the concise issue before the Court. That issue is whether or not the golf carts, clearly personal property, and hence dealt with in Coverage C of the policies, are excluded from coverage in that section under Property Not Covered, Subparagraph 3:

> Property Not Covered. We do not cover . . . motorized land vehicles except those used to service an insured's residence which are not licensed for road use . . . .

There is no reference to motor vehicle in the Property Excluded section of Personal Property Coverage that relates to the loss of the golf carts. If a golf cart is a motorized land vehicle, loss thereof by fire is not covered under the policies.

In addition to the above reference regarding Paragraph 5.c, Definitions, in which the policy language clearly includes a motorized golf cart as being a motorized land vehicle, although not specifically defining same in bold print, these three words have clear meaning, and the phrase formed by the three words is unambiguous. By any definition the Court can bring to mind, a motorized golf cart is a motorized land vehicle.

The Court concurs with counsel for Hartford that there is indeed meaning for the phraseology in the last sentence of Paragraph 5.c:

A motorized golf cart while used for golfing purposes is not a motor vehicle.

Where the term motor vehicle is used throughout the policy, the definition has meaning, and as illustrated by way of example by counsel for Hartford, the term motor vehicle is used under Section II-Liability Coverages. Under that section, liability for damage *caused by* the golf cart would be covered.

In conclusion, the Court finds that the loss of the golf carts by fire was clearly excluded in each of the policies and awards judgment for the defendants in each case.